UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARNOLD & PORTER KAYE SCHOLER LLP, <br><br> Plaintiff, <br><br> v. <br><br> EQUATORIAL CONGO AIRLINES, S.A., <br><br> Defendant. | Civil Action No. 1:17-cv-8905 <br><br> **COMPLAINT** |

Plaintiff Arnold & Porter Kaye Scholer LLP ("APKS"), for its Complaint herein, pleads and alleges upon knowledge as to itself and its own acts, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is an action to recover unpaid legal fees, disbursements and costs owed by defendant Equatorial Congo Airlines S.A. ("ECAir") to plaintiff APKS for its performance of legal services in connection with various litigation proceedings and transactional and financing advice related to ECAir's aircraft located in the United States, among other matters.

## PARTIES

2. Plaintiff APKS is a registered Delaware limited liability partnership engaged in the practice of law with offices located at 250 West 55th Street, New York, New York 10019. On January 1, 2017, Kaye Scholer LLP merged with Arnold & Porter LLP, to form APKS. All references to any acts, agreements, understandings, expectations, claims, entitlements or causes of action of the joint firm (*i.e.*, APKS) in this Complaint should be presumed to incorporate those of Kaye Scholer LLP that arose before the merger.

3. Defendant ECAir is a société anonyme (limited liability company) established in accordance with the laws of the Republic of the Congo, with its principal place of business in Brazzaville. ECAir is the Congolese national airline; virtually all of the stock (99.9%) and other ownership interests in ECAir are owned by the Congolese government.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1330, 1331, 1367, 1603 and 1605(a)(2).

5. Venue is proper in this Court pursuant to 28 U.S.C § 1391(b) and (f)(1) because ECAir contracted with APKS for the provision of legal services in this judicial district and because a substantial part of the events giving rise to the claim occurred in this district.

## STATEMENT OF FACTS

6. In or about March 2015, ECAir retained APKS attorneys in New York to represent ECAir in connection with the financing of ECAir's purchase from The Boeing Co. of a 787 Dreamliner aircraft to be beneficially owned by ECAir through an aircraft owner trust of which Bank of Utah was to be the trustee ("the Aircraft"), and other matters relating to the Aircraft. ECAir agreed to compensate APKS for legal services performed in connection with the financing of the Aircraft's purchase, as well as any subsequent matters related to the Aircraft, in a written retention agreement executed by both ECAir and APKS as of March 23, 2015 ("the 2015 retention agreement").

7. Further, between March 2016 and July 2017, at the specific request of ECAir, APKS performed legal services on ECAir's behalf in New York and elsewhere, as alleged below. APKS performed this latter work both pursuant to the 2015 retention agreement and pursuant to verbal agreements with ECAir memorialized in a separate written retention

agreement drafted and executed in New York by APKS on April 19, 2016, and confirmed in writing by ECAir representatives on May 13, 2016) ("the 2016 retention agreement").

8. In March 2016, ECAir retained APKS, including attorneys in its New York office, to serve as ECAir's counsel in connection with litigation in the United States District Court for the Central District of California. In that proceeding, Commissions Import Export S.A. ("Commisimpex") sought injunctive relief to prevent the transfer of the Aircraft from its storage location in Victorville, California, and then to attach and execute on the Aircraft to satisfy a debt owed to Commisimpex by the Congolese government ("the California litigation"). In April 2016, the court denied the injunction.

9. From May 2016, ECAir retained APKS to represent ECAir in the United States District Court for the District of Utah with respect to the garnishment of the Aircraft by Commisimpex and its enforcement of a discovery subpoena served on Bank of Utah, the trustee of the trust that nominally owned the Aircraft ("the Utah garnishment"). The Utah court dissolved the garnishment.

10. Later, in or about October 2016, ECAir retained APKS to defend ECAir in a further action brought by Commisimpex in the District of Utah ("the Utah litigation"). In the Utah litigation, Commisimpex sought to have ECAir declared the alter ego of the Republic of the Congo, and then to attach and execute on the Aircraft to satisfy the judgment the Republic owed to Commisimpex. In March 2017, the court denied Commisimpex's motion for a preliminary injunction. In April 2017, the court dismissed Commisimpex's amended complaint with leave to amend. In September 2017, the court dismissed the action with prejudice.

11. In December 2016, ECAir retained APKS to commence an action in the United States District Court for the Western District of Washington to obtain documents from Boeing to

be used by ECAir in European litigation between ECAir and PrivatAir, a Swiss company ("the Washington litigation"). The court granted ECAir all of the relief it sought.

12. From time to time during 2016 and 2017, APKS provided advice and counselling to ECAir with respect to issues concerning the re-financing of the Aircraft, and other related matters ("the Finance Advice").

13. In connection with APKS's representation of ECAir in the California litigation, the Utah garnishment, the Utah litigation, the Washington litigation, and the Finance Advice, ECAir promised, consented and otherwise agreed pursuant to the 2015 and 2016 retention agreements to compensate APKS for legal services at agreed-upon hourly rates and to reimburse APKS for any disbursements or other costs incurred for ECAir's account and benefit. ECAir understood that APKS expected to receive payment of such sums of money and promised, consented and otherwise agreed to pay APKS.

14. APKS understood that ECAir had obligated itself to pay for the services to be rendered by APKS. Based on this understanding, APKS recorded the attorney time, disbursements and other costs expended by APKS on behalf of ECAir.

15. During the period between March 2016 and July 2017, APKS attorneys and other employees spent hundreds of hours on legal services for ECAir and APKS advanced and expended various sums of money as disbursements for the account and benefit of ECAir.

16. ECAir received thirteen numbered invoices from APKS fully describing the work performed on ECAir's behalf, the names of the attorneys performing the work, their hourly rates, and the amount of time they each devoted to work on ECAir's behalf. In addition, APKS's invoices included a detailed list of costs and disbursements advanced on ECAir's account for the relevant period.

17. To date, ECAir has made only one payment in connection with the thirteen invoices it received from APKS for professional legal services and related expenses, covering only the invoice APKS submitted to ECAir on December 13, 2016.

18. Despite numerous written and verbal reminders and re-submission of the unpaid invoices, ECAir has failed to pay the amounts due under APKS's twelve other invoices, despite the fact that ECAir benefited from the services performed by APKS. The total amount of fees, disbursements and costs ECAir currently owes APKS is $1,009,415.59. APKS has repeatedly demanded payment of this sum, both orally and in writing, through September 2017. In response, ECAir has on multiple occasions, both orally and in writing, acknowledged the value of APKS's legal work on ECAir's behalf, confirmed its acceptance of the debt ECAir owes to APKS as reflected in the outstanding invoices, and pledged to pay the amounts owed as stated in the submitted invoices.

19. A summary of ECAir's outstanding invoices is attached to this Complaint as Exhibit A.

## COUNT I - BREACH OF CONTRACT

20. APKS repeats and realleges the allegations contained in paragraphs 1 through 19 of this Complaint as if set forth fully herein.

21. APKS has fully performed under the 2015 and 2016 retention agreements.

22. By refusing and failing to pay for legal services and disbursements as it agreed and contracted to do, ECAir breached its contract to compensate APKS for the work and services APKS performed and the money it advanced at the request or on behalf of ECAir.

23. As a result of ECAir's breach of contract, APKS has been damaged in the amount of $1,009,415.59.

## **COUNT II - ACCOUNT STATED**

24. APKS repeats and realleges the allegations contained in paragraphs 1 through 23 of this Complaint as if set forth fully herein.

25. APKS submitted and ECAir received copies of each invoice requesting payment for APKS's professional legal services and related expenses.

26. ECAir accepted each invoice without objection to the amount of fees and expenses stated therein. Furthermore, ECAir has acknowledged that the invoices are due for payment in the amounts stated in those invoices, and has pledged to pay those amounts in full.

27. Although ECAir promised to pay the amounts stated on APKS's invoices, it has failed and refused to do so.

28. By reason of the foregoing, accounts have been stated between APKS and ECAir, and APKS is entitled to a judgment against ECAir for $1,009,415.59.

## **COUNT III - QUANTUM MERUIT**

29. APKS repeats and realleges the allegations contained in paragraphs 1 through 28 of this Complaint as if set forth fully herein.

30. The above services, rendered in good faith by APKS to ECAir, which ECAir accepted and for which ECAir agreed to compensate APKS, but for which ECAir has not yet paid, have a reasonable value of $1,009,415.59.

31. ECAir has failed and refused to pay for these services, for which APKS expected to be compensated. APKS is therefore entitled to recover the reasonable value of its services, in the amount of $1,009,415.59.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that this Court enter judgment against defendant as follows:

(a) Awarding damages in the amount of $1,009,415.59;

(b) Awarding any attorneys' fees and costs incurred by APKS in connection with this action; and

(c) Granting such other and further relief as this Court deems just and proper.

Dated:   New York, New York

November 15, 2017

ARNOLD & PORTER KAYE SCHOLER LLP

By:   /s/ Jeffrey A. Fuisz

Jeffrey A. Fuisz
William Madden
250 West 55th Street
New York, NY 10019-9710
Telephone: +1 212 836 8000

Robert Barnes, *of counsel*
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: +1 213 243 4000

*Attorneys for Plaintiff*
*Arnold & Porter Kaye Scholer LLP*

# EXHIBIT A

Arnold & Porter Kaye Scholer LLP v. Equatorial Congo Airlines, S.A.
Exhibit A to the Complaint

Equatorial Congo Airlines - Unpaid Invoices
(All Amounts Shown in US Dollars)

| Invoice No. | Date | Fees | Disbursements | Total |
|---|---|---|---|---|
| 830789 | 9-Jun-16 | $38,930.67 | $595.80 | $39,526.47 |
| 833697 | 8-Jul-16 | $94,295.07 | $1,104.16 | $95,399.23 |
| 836357 | 26-Aug-16 | $141,606.63 | $7,382.19 | $148,988.82 |
| 838080 | 19-Sep-16 | $105,359.31 | $611.59 | $105,970.90 |
| 840645 | 18-Oct-16 | $74,517.03 | $2,862.13 | $77,379.16 |
| 30051502 | 24-Jan-17 | $88,836.12 | $0.00 | $88,836.12 |
| 30051932 | 3-Feb-17 | $82,961.55 | $0.00 | $82,961.55 |
| 30053804 | 8-Mar-17 | $164,423.70 | $1,743.45 | $166,167.15 |
| 30055190 | 7-Apr-17 | $132,426.90 | $26,526.80 | $158,953.70 |
| 30056889 | 4-May-17 | $37,481.40 | $346.94 | $37,828.34 |
| 30058530 | 5-Jun-17 | $5,011.20 | $2,046.20 | $7,057.40 |
| 30060717 | 19-Jul-17 | $0.00 | $346.75 | $346.75 |
|  |  | **$965,849.58** | **$43,566.01** | **$1,009,415.59** |